UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY LEE PULLEN,
Plaintiff,

vs.

CORRECTIONAL OFFICER
CONSCHAFSKY, et al.,
Defendants.

Case No. 1:16-cv-00894
Barrett, J.
Litkovitz, M.J.

ORDER

This matter is before the Court on plaintiff's Motion to Stay Pending Hunger Strike and Motion for Leave to Stay Proceedings. (Docs. 40, 44). Plaintiff, an inmate at the Southern Ohio Correctional Facility proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by prison employees.

As background, on December 2, 2016, this Court conducted a *sua sponte* review of plaintiff's complaint and concluded by Report and Recommendation that plaintiff could proceed with his Eighth Amendment failure to protect claims against defendants Conschafsky, Toppins, Spears, Erdos, Cool, and Davis, but dismissed all remaining claims as failing to state a claim upon which relief may be granted. (Doc. 8).

On June 15, 2017, this Court granted plaintiff's motion for leave to amend his complaint to name twenty-nine individuals as defendants. (Doc. 31). This Court conducted a *sua sponte* review of plaintiff's amended complaint on June 15, 2017 and concluded by Report and Recommendation that the following claims could proceed: (1) Eighth Amendment failure to protect claims against defendants Toppins, Conschafsky, Spears, and Summers based on plaintiff's allegations that these defendants failed to protect him during April 3, 2016 and July 10, 2016 attacks; (2) Eighth Amendment claims against defendants Nolan, Mahlman, Cool, Davis, and Erdos based on plaintiff's claim that he requested protective custody from these

defendants prior to the second attack; and (3) an Eighth Amendment claim for the denial of medical care against defendants Dr. Seal, Parsons, Prise, Goodman, Lahr, and Ford. (Doc. 31). On July 13, 2017, the Court entered a calendar order that set a discovery deadline of January 12, 2018 and a dispositive motion deadline of February 19, 2018. (Doc. 38). Plaintiff filed a motion for extension of time to object to the June Report and Recommendation and the District Court granted an extension until August 29, 2017, but plaintiff has failed to file a timely objection. (Docs. 35, 39).

I. **Motion to Stay Pending Hunger Strike (Doc. 40)**

On July 17, 2017, plaintiff moved to stay litigation in this matter due to a pending hunger strike. In the motion to stay, plaintiff states that he commenced a "peacful [sic] hunger strike" on July 7, 2017 to persuade prison officials to fulfill certain demands. Plaintiff commenced the hunger strike demanding that defendants: (1) supply electricity in his cell for his CPAP machine; (2) deliver his CPAP machine promptly; (3) stop retaliation and harassment for filing a lawsuit; (4) investigate medical and security staff for their initial refusal to give plaintiff his CPAP machine; (5) investigate a prison official for excessive force; and (6) move plaintiff to a medical unit for hunger strike treatment. (Doc. 40). Since the start of the hunger strike, plaintiff has refused fifteen meals and requests that the Court grant his motion to stay "pending peaceful hunger strike resolution." (Doc. 40).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Here, plaintiff maintains a duty to prosecute the case that he commenced

and meet court deadlines. *See Salameh v. Mukasey*, Case No. 07-cv-01561, 2009 WL 1804158, at *1 (D. Colo. June 24, 2009) (denying motion to stay pending prisoner hunger strike). The law does not afford plaintiff the opportunity to choose between prosecuting his case and participating in a voluntary hunger strike. Should plaintiff fail to participate in this matter during the hunger strike, he risks dismissal under the Federal Rules of Civil Procedure for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Accordingly, the pending hunger strike does not serve as a basis for granting plaintiff's motion to stay.

## II. Motion for Leave to Stay Proceedings (Doc. 44)

On August 11, 2017, plaintiff filed a Motion for Leave to Stay Proceedings. (Doc. 44).[1] In his motion, plaintiff asserts that due to the hunger strike, he has been "unable too [sic] retrieve his personal property and leagal [sic] papers and research legal material to properly prosecute the proceedings (case)." (Doc 44.). The motion indicates that as of August 3, 2017, the plaintiff is still engaged in the hunger strike. The Court finds that plaintiff's August 11, 2017 Motion for Leave to Stay Proceedings is duplicative of plaintiff's July 17, 2017 Motion to Stay Pending Hunger Strike, as denied above. Accordingly, plaintiff's Motion for Leave to Stay Proceedings (Doc. 44) is denied as moot.

## III. Conclusion

For the above stated reasons, plaintiff's Motion to Stay Pending Hunger Strike (Doc. 40) is hereby **DENIED**. Plaintiff's Motion for Leave to Stay Proceedings (Doc. 44) is hereby

---

[1] Plaintiff's motion is accompanied by a "Declaration by Gerald Bullocks." The declaration states that Gerald Bullocks made a statement on behalf of Gary Pullen to the institutional inspector. As a result of the statement, the inspector has retaliated against him. (Doc. 44). This Court declines to consider the declaration as it is unrelated to plaintiff's Motion for Leave to Stay Proceedings. Further, this Court does not have jurisdiction over any claims made by Gerald Bullocks who is not a party to this lawsuit.

**DENIED AS MOOT.**

    **IT IS SO ORDERED.**

Date: 8/31/17

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge