UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY LEE PULLEN,            Case No. 1:16-cv-894
    Plaintiff,                       Barrett, J.
                                              Litkovitz, M.J.
    vs.

CORRECTIONAL OFFICER          **ORDER AND REPORT AND**
CONSCHAFSKY, et al.,             **RECOMMENDATION**
    Defendants.

Plaintiff, an inmate at the Southern Ohio Correctional Facility proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by prison employees. This matter is before the Court on plaintiff's motion for leave to file a second amended complaint and supplemental complaint (Doc. 48) and motion of records request (Doc. 49).

**I. Background**

Plaintiff filed his original complaint on December 2, 2016. (Doc. 7). That same day, this Court conducted a *sua sponte* review of plaintiff's complaint and concluded that plaintiff could proceed with his Eighth Amendment failure to protect claims against defendants Conschafsky, Toppins, Spears, Erdos, Cool, and Davis as a result of a July 10, 2016 assault by a fellow inmate, and recommended that all remaining claims be dismissed for failure to state a claim upon which relief may be granted. (Doc. 8).

On June 15, 2017, this Court granted plaintiff's motion for leave to amend his complaint to name twenty-nine individuals as defendants. (Doc. 31). Upon *sua sponte* review of plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned recommended that plaintiff's amended complaint be dismissed, with the exception of the following claims that were permitted to proceed: (1) Eighth Amendment failure to protect claims against defendants

Toppins, Conschafsky, Spears, and Summers based on plaintiff's allegations that these defendants failed to protect him during April 3, 2016 and July 10, 2016 attacks by a fellow inmate; (2) Eighth Amendment claims against defendants Nolan, Mahlman, Cool, Davis, and Erdos based on plaintiff's claim that he requested protective custody from these defendants prior to the second attack; and (3) an Eighth Amendment claim for the denial of medical care against defendants Seal, Parsons, Prise, Goodman, Lahr, and Ford. (Doc. 31).[1] On July 13, 2017, the Court entered a calendar order that set a discovery deadline of January 12, 2018 and a dispositive motion deadline of February 19, 2018. (Doc. 38). Plaintiff filed a motion for extension of time to object to the June Report and Recommendation and the District Court granted an extension until August 29, 2017, but plaintiff failed to file a timely objection. (Docs. 35, 39). Plaintiff filed another motion for extension of time to object to the June Report and Recommendation and the District Court granted an extension until October 27, 2017, but plaintiff again failed to file a timely objection. (Docs. 46, 47). On October 13, 2017, plaintiff filed a third motion for extension of time to object to the June Report and Recommendation, which remains pending. (Doc. 50).

**II. Motion for Leave to File Amended and Supplemental Complaint (Doc. 48)**

Plaintiff requests leave to file a second amended/supplemental complaint to add "new legal claims" to this lawsuit. (Doc. 48). Plaintiff names as defendants in the proposed second amended complaint several defendants who were named in the first amended complaint and who were not dismissed by the Court. These are defendants Toppins, Conschafsky, Spears, Summers, Nolan, Mahlman, Cool, Davis, Erdos, Seal, Parsons, Prise, Goodman, Lahr, and Ford. Plaintiff also seeks to add forty-four other defendants in his proposed second amended complaint,

---

[1] Plaintiff's amended complaint supersedes the original complaint and is the operative complaint. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.") (quotation and citation omitted).

2

including several prison officials, corrections officers, and medical personnel. (Doc. 48-1 at 55-57).

Plaintiff alleges that these defendants acted deliberately indifferent to his serious medical needs and mental health needs in violation of the Eighth Amendment. (*Id.* at 50). Plaintiff alleges that these defendants failed to protect him in violation of the Eighth Amendment. (*Id.*). Plaintiff also alleges that these individuals violated his Eighth Amendment rights arising from an alleged sexual assault in July 2016 by a prison guard. (*Id.* at 51). Plaintiff further alleges that these individuals violated his First Amendment rights in restricting his access to use the prison telephone. (*Id.*). Plaintiff alleges that these individuals violated his Fourteenth Amendment due process rights. (*Id.*). Plaintiff further alleges that these individuals violated his First Amendment rights by interfering with his ability to send outgoing mail. (*Id.* at 52). Plaintiff also claims that these defendants violated his First Amendment rights by depriving him of his right to engage in a peaceful hunger strike. (*Id.*). Plaintiff further alleges that prison mental health staff, medical staff, correctional officers, and administrators "wage[d] a claim of harassment" against him in violation of the First Amendment. (*Id.*). Plaintiff also alleges that these individuals violated his First Amendment rights to engage in exercise and recreation. (*Id.* at 53). Plaintiff also alleges that these individuals deprived him of equal protection of the laws in violation of the Fourteenth Amendment by treating him differently than other prisoners in "mental health placement, programing [sic], and prison conditions." (*Id.*). In addition, plaintiff alleges that these individuals violated his Eighth Amendment rights for failing to place him in protective custody. (*Id.*).

Plaintiff also seeks to submit a supplemental complaint pursuant to Fed. R. Civ. P. 15(d). (Doc. 48-2 at 3-4). The supplemental complaint lists twenty defendants, including defendants

3

Conschafsky, Davis, Cool, and Mahlman who were named in the first amended complaint and were not dismissed by the Court. In the supplemental complaint, plaintiff alleges facts related to October 2017 incidents when he was allegedly assaulted by a fellow inmate, pepper sprayed by a corrections officer, and denied medical treatment. Plaintiff claims that defendants violated his First and Eighth Amendment rights. (*Id.* at 5-14).

Rule 15(a) provides that a complaint may be amended once as a matter of course within 21 days of service of responsive pleadings. Fed. R. Civ. P. 15(a)(1)(B). If plaintiff wishes to amend the complaint after the 21 day period has expired, he must obtain consent of the opposing parties or leave of the Court. Fed. R. Civ. P. 15(a)(2). The grant or denial of a motion to amend under Fed. R. Civ. P. 15(a) is within the discretion of the trial court, and leave to amend a complaint should be liberally granted. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005).

Proposed amendments to a prisoner's complaint must be *sua sponte* reviewed under 28 U.S.C. §§ 1915 and 1915A. In reviewing a pro se prisoner's complaint, courts have generally held that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). *See also Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (citation omitted) (new unrelated claims against new defendants not allowed).

Plaintiff's motion for leave to file a second amended complaint and supplemental

4

complaint should be denied. With a few exceptions discussed below, plaintiff's second amended complaint seeks to add the same claims against many of the same defendants that the undersigned recommended be dismissed on *sua sponte* review of plaintiff's first amended complaint under §§ 1915 and 1915A. (Doc. 31). Plaintiff has not alleged new and relevant factual allegations in support of the claims or defendants that have been recommended for dismissal. Therefore, it would be futile to allow plaintiff to amend the complaint a second time to restate these claims and rename these defendants as parties to the lawsuit.

Plaintiff's motion to amend the complaint should also be denied insofar as plaintiff seeks to add new causes of action and new defendants. Plaintiff's proposed second amended complaint contains over forty pages of new allegations that are unrelated to the Eighth Amendment claims alleged in his first amended complaint that stem from April 2016 and July 2016 attacks by fellow inmates. For example, plaintiff alleges new claims arising from an alleged sexual assault by a prison guard in July 2016. (Doc. 48-1 at 9). Plaintiff's claims in his proposed second amended complaint also stem from several events in 2017. Plaintiff alleges that he was sexually harassed in January 2017. (*Id.* at 10-11). Plaintiff alleges that several corrections officers retaliated against him as a result of Prison Rape Elimination Act ("PREA") complaints. (*Id.* at 13). Plaintiff also alleges that several times in 2017 he was deprived of a functioning CPAP machine as a result of no electricity in his cell. (*Id.* at 16-20). Plaintiff alleges that defendants violated his First Amendment rights by interfering with his ability to engage in a hunger strike and recreation. (*Id.* at 23-28). These claims are not related to the claims alleged in the first amended complaint. Therefore, if plaintiff wishes to pursue these claims, he should be required to raise them in a separately filed civil rights complaint. *See George,* 507 F.3d at 607.

5

Insofar as plaintiff seeks leave to file a supplemental complaint (Doc. 48-2) pursuant to Fed. R. Civ. P. 15(d), plaintiff's motion should be denied for the same reasons as outlined above. Rule 15(d) permits a party "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The standard for granting leave to supplement under Rule 15(d) is the same as the standard governing leave to amend under Rule 15(a)(2). *Spies v. Voinovich*, 48 Fed. App'x 520, 527 (6th Cir. 2002). A court may deny a motion to supplement where it contains "a new legal theory, not just events that occurred after the complaint." *Koukios v. Ganson*, No. 99-4060, 2000 WL 1175499, at *5 (6th Cir. Aug. 11, 2000). *See also Marshall v. City of Columbus*, No. 2:05-cv-484, 2008 WL 4334616, at *2 (S.D. Ohio Sept. 17, 2008). Plaintiff's proposed supplemental complaint seeks to add an entirely new legal theory against different defendants arising from different events than those alleged in his first amended complaint. For example, plaintiff's supplemental complaint alleges that defendants violated his First and Eighth Amendment rights as a result of several events occurring in October 2017, including: (1) an October 7, 2017 attack by a fellow inmate; (2) pepper spray application by a corrections officer and subsequent lack of medical treatment; and (3) denial of a functioning CPAP machine. (Doc. 48-2 at 5-14). These claims are not related to the Eighth Amendment claims alleged in the first amended complaint. Accordingly, plaintiff's motion for leave to file a second amended and supplemental complaint should be denied.

**III. Motion of Records Request (Doc. 49)**

Plaintiff asks the Court to send him copies of his filings, including his first amended complaint, exhibits, and second amended complaint/supplemental complaint. (Doc. 49 at 1). Plaintiff asserts that he never received a time stamped copy of his first amended complaint,

which is vital to his prosecution of this proceeding. (*Id.* at 2). Plaintiff also claims that he recently lost his property due to a "S.O.C.F. pack-up propriety [sic] officer loosing [sic] plaintiff's propriety [sic]." (*Id.*).

The *in forma pauperis* statute does not entitle a plaintiff to free copies of documents in the Court record. *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) ("28 U.S.C. § 1915(a) . . . does not give the litigant a right to have documents copied and returned to him at government expense."); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (the statutory right to proceed *in forma pauperis* does not include the right to free copies of court orders); *Hurst v. Warden*, No. 2:09-cv-1042, 2010 WL 1687675, at *1 (S.D. Ohio Apr. 22, 2010) (citing cases).

Thus, plaintiff is not entitled to have his filings copied and mailed to him at no cost and his motion of records request (Doc. 49) is **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's second motion for leave to file a second amended and supplemental complaint (Doc. 48) be denied.

## IT IS THEREFORE ORDERED THAT:

Plaintiff's motion of records request (Doc. 49) is denied.

Date:     11/20/17                                       /s/ *Karen L. Litkovitz*
                                                         Karen L. Litkovitz
                                                         United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GARY LEE PULLEN,                      Case No. 1:16-cv-894
    Plaintiff                               Barrett, J.
                                              Litkovitz, M.J.

    vs.

CORRECTIONAL OFFICER
CONSCHAFSKY, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).