UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY LEE PULLEN,
Plaintiff,

vs.

CORRECTIONAL OFFICER
CONSCHAFSKY, et al.,
Defendants.

Case No. 1:16-cv-894
Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this action against numerous SOCF officials alleging Eighth Amendment failure to protect and denial of medical care claims. (Docs. 7, 31). This matter is before the Court on plaintiff's motions for a preliminary injunction and temporary restraining order (Docs. 51, 52) and defendants' memorandum in opposition (Doc. 54).

Plaintiff seeks an injunction to prohibit prison officials from harassing or retaliating against him by spraying him with pepper spray; refusing to investigate his complaints and grievances; failing to secure his safety during group movements of RTU inmates; interfering with his outgoing mail; restricting his access to the grievance system; failing to provide medical care following the administration of pepper spray by prison officials and injuries sustained from an October 7, 2017 attack by a fellow inmate; delaying his access to his CPAP machine after cell moves; charging him co-pays for his various medical conditions; restricting his access to recreation and the dining hall; and restricting his access to grooming supplies. (Doc. 51, 52).

In determining whether to issue a temporary restraining order/preliminary injunction, this Court must balance the following factors:

    1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

    2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

    3. Whether an injunction will cause others to suffer substantial harm; and

    4. Whether the public interest would be served by a preliminary injunction.

*Overstreet v. Lexington–Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Id.; Leary*, 228 F.3d at 736. "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

    Plaintiff is not entitled to a preliminary injunction in this matter. The purpose of a preliminary injunction is to maintain the relative positions of the parties until proceedings on the merits can be conducted. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991). Thus, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in

the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "This is because '[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'" *Colvin*, 605 F.3d at 300 (*quoting Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)). A court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint. *See Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997); *Omega World Travel, Inc.*, 111 F.3d at 16; *Stewart v. United States Immigration and Naturalization Serv.*, 762 F.2d 193, 198-99 (2d Cir. 1985).

Plaintiff seeks injunctive relief unrelated to the merits of the claims alleged in his first amended complaint. Rather, he seeks injunctive relief based on new claims against some 50 new defendants which are set forth in his motion for leave to file a second amended complaint and supplemental complaint (Doc. 48). The undersigned, by Report and Recommendation dated November 20, 2017, recommended that plaintiff's second motion for leave to file second amended and supplemental complaints be denied because, inter alia, they are based on factual allegations and defendants unrelated to the merits of the claims in the first amended complaint. (Doc. 53). A motion for TRO/preliminary injunctive relief is not the proper method for plaintiff "to use in an attempt to address other issues unrelated to his original complaint." *Hendricks v. Hazzard*, No. 2:11-CV-399, 2013 WL 2635729, at *3 (S.D. Ohio June 12, 2013) (Report and Recommendation) (Kemp, M.J.), *adopted,* 2013 WL 5944082, at *4 (S.D. Ohio Nov. 5, 2013). Rather,

> [t]he purpose of such relief "is simply to preserve the status quo." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *see University of*

3

> *Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). The availability of a TRO or preliminary injunction is inextricably intertwined with the merits of the underlying claim. For this reason, one of the principal factors in determining a plaintiff's entitlement to relief is the likelihood that the plaintiff will succeed on the merits of his underlying claims. *See United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011). Hence, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in the complaint. *See Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010). A motion for a TRO or preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable. *Arrington v. Scott*, [No. 12-cv-529], 2013 WL 1080298 (W.D. Mich. January 7, 2013). Strictly interpreted, [the plaintiff's] motion is unrelated to the underlying claim pending in this case. *See Id.*; *see also Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (plaintiff not entitled to preliminary injunction on claims not pending in complaint); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

*Id.*

A TRO/preliminary injunction is also not warranted here because the purpose of a TRO/preliminary injunction—to preserve the status quo until a trial on the merits can be held, *see Martin,* 924 F.2d at 102—would not be served. Plaintiff does not seek to preserve the status quo; instead he seeks to affirmatively correct alleged constitutional harms inflicted on him by SOCF officials and other parties who are not defendants in this case and over whom the Court has no jurisdiction.

The Court need not analyze the remaining factors because it is clear based on the above considerations that plaintiff is not entitled to the extraordinary relief he seeks. Plaintiff's motions for a preliminary injunction and temporary restraining order (Docs. 51, 52) should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motions for a preliminary injunction and temporary restraining order (Docs. 51, 52) be **DENIED**.

Date: 1/4/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY LEE PULLEN,
Plaintiff,

vs.

CORRECTIONAL OFFICER
CONSCHAFSKY, et al.,
Defendants.

Case No. 1:16-cv-894
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).