UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GARY LEE PULLEN | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:16cv894 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) |
| CORRECTIONAL OFFICER CONSCHAFSKY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

This matter is before the Court on: 1) Plaintiff's Objection to Report and Recommendation (Doc. 17); and 2) Plaintiff's Motion to Extend or Enlarge Time to File Objections to Recommendation & Report (Doc. 50).

First, on December 2, 2016, the Magistrate Judge issued an Order and Report and Recommendation dismissing some of Plaintiff's claims. (*See generally* Doc. 8). On January 24, 2017, after being granted an extension of time, Plaintiff objected to the Magistrate Judge's December 2, 2016 R&R, arguing he had since filed an amended complaint curing any deficiencies related to his original complaint. (Docs. 17, 19). On June 15, 2017, the Magistrate Judge granted Plaintiff leave to amend his complaint. (Doc. 31). Accordingly, the Court finds Plaintiff's objections related to the Magistrate Judge's December 2, 2016 R&R are **DENIED AS MOOT** (Doc. 17) and the Magistrate Judge's R&R is **ADOPTED IN FULL** (Doc. 8).

It is the Magistrate Judge's June 15, 2017 R&R in which Plaintiff sought an extension of time to file objections. (Doc. 31). Since seeking an extension, the Court notes that Plaintiff did eventually file his Objections on December 11, 2017. (Doc. 56). However, prior to that, Plaintiff had already been granted two lengthy extensions of time, totaling almost four months of additional time to file

objections. In its last Order, the Court indicated it was not convinced Plaintiff had shown good cause as to why he should be granted additional time; nevertheless, the Court granted Plaintiff's motion, allowing Plaintiff until October 27, 2017 to file objections. Importantly, however, the Court warned Plaintiff no further extensions would be granted absent extraordinary circumstances. (Doc. 47).

While the Court acknowledges that Plaintiff sought an extension on October 13, 2017, before his latest deadline had passed, the Court is not inclined to grant Plaintiff's motion, as Plaintiff has failed to show extraordinary circumstances which would warrant an extension. Plaintiff appears to make two arguments.

First, he asserts that he was unable to send outgoing mail because there was no mailbox in his current prison block. In addition to the instant motion, however, Plaintiff managed to file four motions in the same time frame, on October 12, October 13, November 1, and November 15, respectively. (*See* Docs. 48, 49, 51, 52). Thus, Plaintiff's argument that he was unable to send outgoing mail is unavailing.

Second, Plaintiff argues he was moved to segregation and therefore did not have his research materials to prepare his objections. He also appears to suggest that because he could be found guilty of rule violations, which would warrant additional time in segregation, he could continue to be without his research materials for the foreseeable future. This argument is likewise unavailing. Before Plaintiff was placed in segregation, apparently on October 7, 2017, he had almost four months to prepare his objections. And while the Court acknowledges Plaintiff was engaged in a voluntary hunger strike during some of that time, the Magistrate Judge correctly explained that "the law does not afford plaintiff the opportunity to choose between prosecuting his case and participating in a voluntary hunger strike." (Doc. 45, PageID 548).

Considering the foregoing, the Court **DENIES** Plaintiff's motion (Doc. 50). Plaintiff's Objection to R&R (Doc. 56) is **HEREBY STRICKEN**.

Accordingly, the Magistrate Judge's R&R (Doc. 31) is hereby **ADOPTED**. The Complaint is **DISMISSED WITH PREJUDICE**, with the exception of the following claims, which may proceed: (1) Eighth Amendment failure to protect claims against Defendants Toppins, Conschafsky, Spears, and Summers based on his allegations that these Defendants failed to protect him during the April 3, 2016 and July 10, 2016 attacks; (2) Eighth Amendment claims against Defendants Nolan, Mahlman, Cool, Davis, and Erdos based on his claim that he requested protective custody from these Defendants prior to the second attack; and (3) Eighth Amendment claim for the denial of medical care against Defendants Dr. Seal, Parsons, Prise, Goodman, Lahr, and Ford.

**IT IS SO ORDERED.**

    _s/Michael R. Barrett_
Michael R. Barrett, Judge
United States District Court