# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

GARY LEE PULLEN,
    Plaintiff,

    vs.

CORRECTIONAL OFFICER
CONSCHAFSKY, et al.,
    Defendants.

Case No. 1:16-cv-894
Barrett, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by prison employees. This matter is before the Court on plaintiff's motion to reissue service on eight unserved defendants (which plaintiff styles as a "motion for in camera inspection") (Doc. 60) and plaintiff's motion to extend the discovery deadline (Doc. 61).

## I. Background

Plaintiff filed his original complaint on December 2, 2016. (Doc. 7). That same day, this Court conducted a *sua sponte* review of plaintiff's complaint and concluded that plaintiff could proceed with his Eighth Amendment failure to protect claims against defendants Conschafsky, Toppins, Spears, Erdos, Cool, and Davis as a result of a July 10, 2016 assault by a fellow inmate, and recommended that all remaining claims be dismissed for failure to state a claim upon which relief may be granted. (Doc. 8).

On June 15, 2017, this Court granted plaintiff's motion for leave to amend his complaint to name twenty-nine individuals as defendants. (Doc. 31). Upon *sua sponte* review of plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned recommended that plaintiff's amended complaint be dismissed, with the exception of the following claims that

were permitted to proceed: (1) Eighth Amendment failure to protect claims against defendants Toppins, Conschafsky, Spears, and Summers based on plaintiff's allegations that these defendants failed to protect him during April 3, 2016 and July 10, 2016 attacks by a fellow inmate; (2) Eighth Amendment claims against defendants Nolan, Mahlman, Cool, Davis, and Erdos based on plaintiff's claim that he requested protective custody from these defendants prior to the second attack; and (3) an Eighth Amendment claim for the denial of medical care against defendants Seal, Parsons, Prise, Goodman, Lahr, and Ford. (Doc. 31).[1] The Court ordered the United States Marshall to serve a copy of the amended complaint, summons, the Order granting plaintiff *in forma pauperis* status, and its Order and Report and Recommendation upon defendants Toppins, Conschafsky, Spears, Summers, Nolan, Mahlman, Cool, Davis, Erdos, Seal, Parsons, Prise, Goodman, Lahr, and Ford. (*Id.*). After plaintiff filed objections, the District Judge adopted the June Report and Recommendation on February 8, 2018. (Doc. 63).

On July 12, 2017, defendants Cool, Davis, Erdos, Ford, Goodman, Mahlman, Parsons, and Toppins filed an answer to the amended complaint. (Doc. 37). On July 13, 2017, the Court entered a calendar order that set a discovery deadline of January 12, 2018 and a dispositive motion deadline of February 19, 2018. (Doc. 38). On February 20, 2018, the Court granted defendants' motion to extend the dispositive motion deadline to March 19, 2018. (Doc. 66).

## II. Motion to Reissue Service (Doc. 60)

On July 20, 2017, summons was returned executed as to defendants Cool, Davis, Erdos, Ford, Goodman, Mahlman, and Parsons. (Doc. 41). However, summons was returned unexecuted as to defendants Conschafsky, Lahr, Nolan, Prise, Seal, Spears, Summers, and

---

[1] Plaintiff's amended complaint supersedes the original complaint and is the operative complaint. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.") (quotation and citation omitted).

Toppins. (Doc. 42). In refusing the summons as to each defendant, SOCF officials informed the United States Marshal: "we do not have an employee with that name." (*Id.*)[2].

Plaintiff now moves the Court to reissue service on defendants Conschafsky, Toppins, Summers, Spears, Prise, Seal, Nolan, and Lahr with the amended complaint and summonses as originally ordered by the Court on June 15, 2017. (Doc. 60 at 2). Plaintiff asks that the Court order the Ohio Attorney General's Office to "turn-over any sealed documents that obtains [sic] home addresses or whereabouts of the above 8 unserved defendants." (*Id.*).

Plaintiff's motion is **DENIED** with respect to defendant Toppins. On February 1, 2017, summons was returned executed for defendant Toppins as to plaintiff's initial complaint (Doc. 21) and counsel entered an appearance on his behalf and filed an answer thereafter. (Doc. 28). Because defendant Toppins was served with the initial complaint and is represented by counsel, prior service of the amended complaint on his counsel is sufficient.

However, plaintiff's motion is **GRANTED** with respect to the seven remaining unserved defendants. To the extent that these defendants are former employees of SOCF, **IT IS ORDERED** that the Office of the Ohio Attorney General shall file under seal the last known home address of defendants Conschafsky, Summers, Spears, Prise, Seal, Nolan, and Lahr within **fourteen (14) days**.

**IT IS FURTHER ORDERED** that the United States Marshal Service shall serve a copy of the summons and amended complaint on defendants Conschafsky, Summers, Spears, Prise, Seal, Nolan, and Lahr, via certified mail - return receipt requested, at the address provided by the Ohio Attorney General's Office, and the Return of Service shall be filed under seal. At no time

---

[2] The docket also reflects that defendants Conschafsky and Spears are no longer employed with SOCF. (*See* Doc. 26).

shall the address be disclosed to anyone other than Court personnel and the United States Marshal Service, and this information shall not become a matter of public record.

### III. Motion to Extend the Discovery Deadline (Doc. 61)

Plaintiff also moves to extend the discovery deadline an additional 60 to 90 days because "he has been unable to properly serve 8 of the 15 Defendants their amended complaint and summons through the U.S. Marshall [sic] Office." (Doc. 61 at 1). Plaintiff's motion is well-taken and is **GRANTED**. The discovery deadline is hereby **EXTENDED to June 14, 2018**. In light of this extension, the deadline for both parties to file dispositive motions in this matter is **EXTENDED to July 13, 2018**.

**IT IS SO ORDERED.**

Date: 3/15/18

Karen L. Litkovitz
United States Magistrate Judge