**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Gary Lee Pullen, | : | |
| Plaintiff, | : | Case No. 1:16-cv-00894 |
| vs. | : | Judge Michael R. Barrett |
| Correctional Officer Conschafsky, *et al.*, | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on the Magistrate Judge's November 20, 2017 Report and Recommendation ("R&R"), (Doc. 53), regarding Plaintiff's Motion for Leave to File an Amended Complaint and Supplemental Complaint, (Doc. 48). The Court gave the parties proper notice pursuant to Federal Rule of Civil Procedure 72(b) ("Rules"), including notice that they would waive further appeal if they failed to file objections to the R&R in a timely manner. (Doc. 53); *see United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed Objections, (Doc. 56), which the Court accepted as timely, (Doc. 88). The Magistrate Judge summarized the full procedural history of this case in the pending R&R and the Court will not restate that history unless it is necessary to address Plaintiff's objections. (Doc. 53).

### I. BACKGROUND

Plaintiff is proceeding *pro se* and is an inmate the Southern Ohio Correctional Facility ("SOCF"). He brings this action under 42 U.S.C. § 1983 for alleged violations of

his civil rights. He filed his original Complaint on December 2, 2016, (Doc. 7), and, after a *sua sponte* review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Magistrate Judge issued an R&R recommending that his Eighth Amendment failure to protect claims regarding two incidents of assault against Plaintiff by another SOCF inmate on July 10, 2016, should proceed, but that his remaining claims should be dismissed with prejudice, (Doc. 8).

Plaintiff subsequently filed a Motion for Leave to File an Amended Complaint. (Doc. 19). On June 15, 2017, the Magistrate Judge issued another R&R in which she included an order granting Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 31). The Magistrate Judge also recommended, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), that the Court dismiss with prejudice all of Plaintiff's claims except his (1) Eighth Amendment failure to protect claims against certain Defendants regarding an April 3, 2016 attack against Plaintiff by another SOCF inmate and the two attacks on July 10, 2016; (2) Eighth Amendment claims against certain Defendants based on allegations that Plaintiff requested protective custody from these Defendants prior to the July 2016 attacks; and (3) an Eight Amendment claim for the denial of medical care against Defendants Seal, Parsons, Prise, Goodman, Lahr, and Ford. (Doc. 31).

The undersigned adopted the Magistrate Judge's R&Rs and dismissed all of Plaintiff's claims aside from the three listed above. (Doc. 63). On October 12, 2017, Plaintiff filed a Motion for Leave to File an Amended Complaint and Supplemental Complaint. (Doc. 48). He "requests leave to file an amended complaint adding new legal claims" and cites Rules 15(a), 15(d), and 19(a) as the basis for the Motion. (Doc. 48).

2

## II. R&R

When the Court receives objections to a magistrate judge's R&R on a non-dispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). After that review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).

The Magistrate Judge recommends that the Court deny Plaintiff's Motion. (Doc. 53). Regarding his proposed Second Amended Complaint, she finds it would be futile to allow him to amend as, with a few exceptions, the proposed Complaint "seeks to add the same claims against many of the same defendants that [she already] recommended be dismissed" and which the undersigned dismissed. (*Id.*). She also finds that the proposed Second Amended Complaint and Supplemental Complaint should be denied, as he "seeks to add an entirely new legal theory against different defendants arising from different events than those alleged in his first amended complaint." (*Id.*).

In his Objections, with respect to his proposed Second Amended Complaint, Plaintiff asserts that he has experienced "more inadequate mental health treatment" from various SOCF employees. (Doc. 56). He argues that these examples of "mental health mistreatment" arise from "the same transaction [he] stated in the first Amended Complaint" and his provided timeline "is proof that [his] Motion to Amend is not futile." (*Id.*). With respect to his proposed Supplemental Complaint, he reiterates that it contains "new allegations" against the SOCF's mental health staff. (*Id.*).

Plaintiff appears to believe that the alleged mental health mistreatment by various

3

SOCF employees listed in his proposed Second Amended Complaint and Objections arise from the same events in his first Amended Complaint. (Doc. 56). However, to be clear, the Court allowed Plaintiff to proceed on three claims, the first and second of which related to Eight Amendment claims concerning April 2016 and July 2016 attacks and the third of which related to an Eight Amendment claim concerning the denial of medical care regarding Plaintiff's April 2015 and May 2015 requests for mental health programming, treatment, and medication and to be placed in the residential treatment unit. (Docs. 31, 63). The "inadequate mental health treatment" Plaintiff describes in his proposed Second Amended Complaint, proposed Supplemental Complaint, and Objections relate to events occurring from January 2017 to October 2017 rather than his April 2015 and May 2015 requests. *Compare* (Docs. 48, 56), *with* (Doc. 31, 32, 63). More importantly, aside from asserting that these events involve SOCF mental health treatment staff, Plaintiff provides no explanation as to how these claims relate to his pending Eight Amendment claim for the denial of medical care against Defendants Seal, Parsons, Prise, Goodman, Lahr, and Ford. The Court agrees with the Magistrate Judge that if Plaintiff wishes to add new causes of actions against new defendants, he must do so in a separately filed civil rights complaint.

In sum, having reviewed the Magistrate Judge's R&R on this non-dispositive matter, the Court finds no portion to be "clearly erroneous or contrary to law" and accepts the recommendations. Fed. R. Civ. P. 72(a), (b)(3); *see* 28 U.S.C. § 636(b)(1).

## III. CONCLUSION

In light of the above, it is **ORDERED** that the Court **ADOPTS** the R&R (Doc. 53) and Plaintiff's Motion, (Doc. 48) is **DENIED**.

**IT IS SO ORDERED.**  /s Michael R. Barrett
Michael R. Barrett, Judge
United States District Court