UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY LEE PULLEN,  Case No. 1:16-cv-894
    Plaintiff,  Barrett, J.
  Litkovitz, M.J.
  vs.

CORRECTIONAL OFFICER  **ORDER AND REPORT AND**
CONSCHAFSKY, et al.,  **RECOMMENDATION**
    Defendants.

Plaintiff, an inmate at the Southern Ohio Correctional Facility proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by prison employees. This matter is before the Court following the August 31, 2018 Show Cause Order.

**I. Plaintiff's failure to respond to the Court's Show Cause Order**

On August 31, 2018, the Court ordered plaintiff to show cause, in writing, within twenty (20) days why the complaint should not be dismissed against defendants Spears, Summers, Lahr, and Seal for failure of service. (Doc. 87 at 4). The Court noted that the Ohio Attorney General complied with its obligation of filing the last known home addresses of defendants Spears and Summers and that defendants Lahr and Seal are either unknown or not employed by the State. (*Id.* at 2-3). Plaintiff has neither been able to complete service on these defendants within 90 days, nor has he provided alternate addresses for these defendants. (*Id.* at 3). As the Court explained: "[t]he Court is not obligated to order the re-service of an in forma pauperis complaint on defendants for whom either the inmate nor state corrections department has a current address." (*Id.*).

Proper service of process is required in order for the court to obtain personal jurisdiction over each defendant. *OJ Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir.

2003). The plaintiff is responsible for having the summons and complaint served upon defendants within the time period allotted by Rule 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(m) sets forth the Court's obligation when the plaintiff fails to timely complete service of process. The Rule provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). Thus, if the plaintiff does not show good cause justifying his failure to timely serve the complaint, the court shall either (1) dismiss the complaint without prejudice, or (2) direct that service of process be effectuated within a specified time. *Greene v. Venatter*, No. 2:13-cv-345, 2014 WL 559154, at *2 (S.D. Ohio February 11, 2014).

To date, plaintiff has failed to respond to the Court's August 31, 2018 Show Cause Order. Thus, plaintiff has not shown good cause for failure to serve the complaint on defendants Spears, Summers, Lahr, and Seal. It is therefore **RECOMMENDED** that plaintiff's complaint against defendants Spears, Summers, Lahr, and Seal be **DISMISSED** without prejudice for failure of service.

## II. Service of process on defendant Conschafsky

The docket also reveals that plaintiff has been unable to complete service of process on defendant Conschafsky. In the August 31, 2018 Order, the Court ordered the United States Marshal to re-serve a copy of the amended complaint, summons form, and this Order upon defendant Conschafsky via certified mail—return receipt requested, at the address provided by the Ohio Attorney General's Office and the Return of Service shall be filed under seal. (Doc. 87 at 2). The summons was returned unexecuted. The process receipt and return from the U.S.

2

Marshal as to defendant Conschafsky shows that the summons and amended complaint were returned because SOCF has no employee by that name. Thus, the United States Marshal served defendant Conschasky at his former place of employment (SOCF) rather than the last known home address filed under seal by the Ohio Attorney General's Office.

In light of the above, it is **ORDERED** that the United States Marshal re-serve a copy of the amended complaint, summons form, and this Order upon defendant Conschafsky via certified mail—return receipt requested, at the last known **HOME** address provided by the Ohio Attorney General's Office under seal. (Doc. 71). The Return of Service shall be filed under seal. At no time shall the address be disclosed to anyone other than Court personnel and the United States Marshal Service, and this information shall not become a matter of public record.

### III. Plaintiff's failure to respond to the motion for summary judgment

On August 13, 2018, defendants Cool, Davis, Erdos, Ford, Goodman, Mahlman, Nolan, Parsons, Prise, and Toppins filed a motion for summary judgment. (Doc. 85). After this motion was filed, the Court sent plaintiff notice that a failure to respond could result in dismissal of his action for lack of prosecution. (Doc. 86). In the August 31, 2018 Order, the Court granted plaintiff an additional 21 days—until September 20, 2018—to file a response to the motion for summary judgment filed by these defendants. To date, plaintiff has failed to file a response to the motion.

Plaintiff's failure to file a response to the motion for summary judgment may warrant dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have this power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also*

*Jourdan*, 951 F.2d at 109.

It is therefore **ORDERED** that plaintiff show cause in writing, within **twenty (20) days** of the date of this Order, why the Court should not dismiss this case against defendants Cool, Davis, Erdos, Ford, Goodman, Mahlman, Nolan, Parsons, Prise, and Toppins for lack of prosecution.

### IV. Conclusion

It is **RECOMMENDED** that:

1. Plaintiff's complaint against defendants Spears, Summers, Lahr, and Seal be **DISMISSED** without prejudice for failure of service.

It is **ORDERED** that:

1. The United States Marshall re-serve a copy of the amended complaint, summons form, and this Order upon defendant Conschafsky via certified mail—return receipt requested, at the last known **HOME** address provided by the Ohio Attorney General's Office, and the Return of Service shall be filed under Seal

2. Plaintiff is **ORDERED** to show cause, in writing, within **twenty (20) days** of the date of this Order why the Court should not dismiss this case against defendants Cool, Davis, Erdos, Ford, Goodman, Mahlman, Nolan, Parsons, Prise, and Toppins for lack of prosecution.

Date: 10/11/18

Karen L. Litkovitz
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY LEE PULLEN,
Plaintiff

Case No. 1:16-cv-894
Barrett, J.
Litkovitz, M.J.

vs.

CORRECTIONAL OFFICER
CONSCHAFSKY, et al.,
Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).