UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GARY LEE PULLEN, | Case No. 1:16-cv-894 |
| Plaintiff, | Barrett, J. |
| | Litkovitz, M.J. |
| vs. | |
| CORRECTIONAL OFFICER | **ORDER AND REPORT AND** |
| CONSCHAFSKY, et. al, | **RECOMMENDATION** |
| Defendants. | |

Plaintiff Gary Lee Pullen, proceeding pro se, initiated this prisoner civil rights action in September 2016 and was granted leave to proceed in forma pauperis in December 2016. (*See* Docs. 1, 6). In August 2018, defendants Cool, Davis, Erdos, Ford, Goodman, Mahlman, Nolan, Parsons, Prise, and Toppins filed a motion for summary judgment. (Doc. 85). After this motion was filed, the Court sent plaintiff a notice that failure to respond could result in dismissal of his complaint against these defendants pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 86). Despite this notice, plaintiff did not file any response to the motion for summary judgment.

On October 11, 2018, the Court ordered plaintiff to show cause, in writing, within twenty (20) days why the Court should not dismiss his case against defendants Cool, Davis, Erdos, Ford, Goodman, Mahlman, Nolan, Parsons, Prise, and Toppins for lack of prosecution. (Doc. 91).[1] To

---

[1] In the October 11, 2018 Order, the Court also ordered that the United States Marshal re-serve a copy of the amended complaint, summons form, and this Order upon defendant Conschafsky via certified mail—return receipt requested, at the last known home address provided by the Ohio Attorney General's Office, and the Return of Service shall be filed under Seal. (Doc. 91 at 4). The docket reflects that service of process on defendant Conschafsky remains incomplete.

The Court also issued a Report and Recommendation on October 11, 2018 recommending that plaintiff's complaint against defendants Spears, Summers, Lahr, and Seal be dismissed without prejudice for failure of service, based on plaintiff's failure to respond to an August 31, 2018 Show Cause Order. (*Id.*). On November 5, 2018, the District Judge adopted the Report and Recommendation and ordered that plaintiff's complaint against defendants Spears, Summers, Lahr, and Seal be dismissed without prejudice for failure of service. (Doc. 92).

date, plaintiff has not filed a response to the Show Cause Order or to the pending motion for summary judgment.

Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of his complaint against defendants Cool, Davis, Erdos, Ford, Goodman, Mahlman, Nolan, Parsons, Prise, and Toppins under Fed. R. Civ. P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan*, 951 F.2d at 109. Although plaintiff is proceeding pro se, the Supreme Court has stated that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** with prejudice against defendants Cool, Davis, Erdos, Ford, Goodman, Mahlman, Nolan, Parsons, Prise, and Toppins for want of prosecution and for failure to obey an Order of the Court.

## IT IS ORDERED THAT:

1. Plaintiff is **ORDERED** to show cause, in writing, within **fifteen (15) days** of the date

of this Order why the complaint should not be dismissed against defendant Conschafsky

for failure of service.[2]

Date: __11/20/18__

Karen L. Litkovitz
United States Magistrate Judge

---

[2] Proper service of process is required in order for the court to obtain personal jurisdiction over each defendant. *OJ Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). Plaintiff has failed to serve the summons and complaint on defendant Conschafsky within the 90-day time period allotted by Federal Rule of Civil Procedure 4(m) and therefore must show cause for the failure.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GARY LEE PULLEN                                   Case No: 1:16-cv-894
    Plaintiff,                                Barrett, J.
                                              Litkovitz, M.J.

vs.

CORRECTIONAL OFFICER
CONSCHAFSKY, et al.,
    Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).