UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GARY LEE PULLEN,<br>Plaintiff,<br><br>vs.<br><br>CORRECTIONAL OFFICER<br>CONSCHAFSKY, et. al,<br>Defendants. | Case No. 1:16-cv-894<br>Barrett, J.<br>Litkovitz, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Plaintiff Gary Lee Pullen, proceeding pro se, initiated this prisoner civil rights action in September 2016 and was granted leave to proceed in forma pauperis in December 2016. (*See* Docs. 1, 6). This matter is before the Court following the Court's November 2018 Show Cause Order. (Doc. 93).

As background, on November 20, 2018, the Court recommended that plaintiff's complaint be dismissed with prejudice against defendants Cool, Davis, Erdos, Ford, Goodman, Mahlman, Nolan, Parsons, Prise, and Toppins for lack of prosecution and failure to obey the Court's October 2018 Show Cause Order. (Doc. 93).[1] The Report and Recommendation remains pending with the District Judge. The Court also ordered plaintiff to show cause, in writing, within fifteen (15) days why the complaint should not be dismissed against defendant Conschafsky for failure of service. (*Id.*).

Proper service of process is required in order for the court to obtain personal jurisdiction over each defendant. *OJ Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir.

---

[1] On October 11, 2018, the Court recommended that plaintiff's complaint be dismissed against defendants Spears, Summers, Lahr, and Seal for failure of service. The Court also ordered the amended complaint and summons be re-served on defendant Conschafsky. The Court further ordered plaintiff to show cause, in writing, within twenty (20) days why the Court should not dismiss this case against defendants Cool, Davis, Erdos, Ford, Goodman, Mahlman, Nolan, Parsons, Prise, and Toppins for lack of prosecution. (Doc. 91). On November 5, 2018, the District Judge adopted the Report and Recommendation. (Doc. 92).

2003). The plaintiff is responsible for having the summons and complaint served upon defendants within the time period allotted by Rule 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(m) sets forth the Court's obligation when the plaintiff fails to timely complete service of process. The Rule provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). Thus, if the plaintiff does not show good cause justifying his failure to timely serve the complaint, the court shall either (1) dismiss the complaint without prejudice, or (2) direct that service of process be effectuated within a specified time. *Greene v. Venatter*, No. 2:13-cv-345, 2014 WL 559154, at *2 (S.D. Ohio February 11, 2014).

To date, plaintiff has failed to respond to the Court's November 20, 2018 Show Cause Order. In addition, summons was again returned unexecuted as to defendant Conschasky on November 30, 2018. Because plaintiff has not shown good cause for failure to serve the complaint on defendant Conschafsky, it is therefore **RECOMMENDED** that plaintiff's complaint against defendant Conschafsky be **DISMISSED** without prejudice for failure of service and this entire case be **CLOSED** on the docket of this Court.[2]

**IT IS SO RECOMMENDED.**

Date: 12/10/18

Karen L. Litkovitz
United States Magistrate Judge

---

[2] In light of the October 11, 2018 and November 20, 2018 Report and Recommendations recommending dismissal of all other defendants, defendant Conschafsky was the only remaining defendant in this case.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY LEE PULLEN
Plaintiff,

vs.

CORRECTIONAL OFFICER
CONSCHAFSKY, et al.,
Defendants.

Case No: 1:16-cv-894
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).